IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
DAYTON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) | CIVIL ACTION NO. |
| ) v. ) ) | |
| ) GRACEWORKS LUTHERAN SERVICES, ) ) Defendant. ) _____) | **COMPLAINT** |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Michelle M. Anthony ("Anthony"). As alleged with greater particularity in paragraph twelve (12) below, Defendant Graceworks Lutheran Services ("Graceworks") refused to hire Anthony because she is deaf.

## JURISDICTION

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

2.      The employment practices alleged to be unlawful were committed within the

jurisdiction of the United States District Court for the Southern District of Ohio.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Graceworks, an Ohio corporation, has continuously been doing business in the State of Ohio and the City of Dayton, and has had at least 15 employees.

5. At all relevant times, Defendant Graceworks has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. § 12111(5), (7).

6. At all relevant times, Defendant Graceworks has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty (30) days prior to the institution of this lawsuit, Anthony filed a charge with the Commission alleging violations of the ADA by Defendant Graceworks.

8. On March 31, 2015, the Commission issued to Defendant Graceworks a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. On April 23, 2015, the Commission issued to Defendant Graceworks a Notice of

Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

## STATEMENT OF CLAIMS

10. Since on or about December 12, 2013, Defendant Graceworks has engaged in unlawful employment practices at its Dayton, Ohio facility, in violation of Section 107(a) of the ADA, 42 U.S.C. § 12117(a).

11. Anthony is a qualified individual with a disability under Section 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8).  Anthony has an impairment, which substantially limits her ability to hear.

12. On or about December 12, 2013, Anthony applied for a site manager position with Defendant Graceworks at its St. Mark Community facility.  Upon learning that Anthony is deaf; Defendant Graceworks refused to hire her informing her that she would not qualify for the position because she cannot hear and speak; minimum requirements of the position.

13. The effect of the practices complained of above has been to deprive Anthony of equal employment opportunities and otherwise to affect adversely her status as an applicant for employment because of her disability.

14. The unlawful employment practices complained of in paragraph twelve (12) above were intentional.

15. The unlawful employment practices complained of in paragraphs twelve (12) above were done with malice or with reckless indifference to the federally protected rights of Anthony.

## PRAYER FOR RELIEF

Wherefore the Commission respectfully requests that this Court:

A.	GRANT a permanent injunction enjoining Defendant Graceworks, its officers, successors, assigns, and all persons in active concert or participation with it, from refusing to hire an individual because they are deaf.

B.	ORDER Defendant Graceworks to institute and carry out policies, practices, and programs that provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.	ORDER Defendant Graceworks to make Anthony whole by providing her with appropriate back pay with prejudgment interest, in amounts to be proven at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to hiring Anthony.

D.	ORDER Defendant Graceworks to make whole Anthony by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs twelve (12) above, including but not limited to job search expenses, in amounts to be determined at trial.

E.	ORDER Defendant Graceworks to make Anthony whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of in paragraphs twelve (12) above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.	ORDER Defendant Graceworks to pay Anthony punitive damages for its malicious and reckless conduct as described in paragraphs twelve (12) above, in amounts to be determined at trial.

G.	GRANT such further relief as the court deems necessary and proper in the public interest.

H.      AWARD the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

          Respectfully submitted,

          s/ Laurie A. Young
          LAURIE A. YOUNG
          Regional Attorney

          s/ Michelle Eisele
          MICHELLE EISELE
          Supervisory Trial Attorney
          EQUAL EMPLOYMENT OPPORTUNITY
          COMMISSION
          Indianapolis District Office
          101 W. Ohio St., Suite 1900
          Indianapolis, IN 46204-4203

          s/ Kenneth W. Brown
          KENNETH W. BROWN
          Senior Trial Attorney
          EQUAL EMPLOYMENT OPPORTUNITY
          COMMISSION
          Louisville Area Office
          600 Martin Luther King, Jr.
          Place Suite 268
          Louisville, Kentucky 40202-2285
          (502) 582.5440 (Direct Dial)
          (502) 582.5435 (Facsimile)
          E-mail: Kenneth.Brown@eeoc.gov